THE STATE v. HUFFORD *et al.*[*]

1. **Bail:** FUGITIVE FROM JUSTICE : FORFEITURE. A person arrested in this State, under section 4523 *et sequor* of the Revision, charged before a magistrate with the crime of murder in the second degree, committed in another State, is, upon an adjournment of the examination, entitled to bail for his appearance before the magistrate upon the day to which the adjournment was made; and in case of his failure to then appear, according to the terms of his recognizance, the same may be declared forfeited, and an action maintained thereon against the bail.

2. —— PLEADING. The petition in an action upon such a recognizance need not aver the particular facts which show that the magistrate had authority to take the bail. The existence of such facts as were necessary to give the officer jurisdiction will be presumed. If the preliminary proceedings were such as not to authorize the taking of the recognizance, the objection may be made by answer, or appear on the trial.

*Appeal from Monroe District Court.*

FRIDAY, JANUARY 24.

THE petition claims $2,000 upon a bond, containing this condition: "Whereas the above bounden Jeremiah Hufford is arrested and now in custody of the sheriff of Monroe county, Iowa, by virtue of a warrant issued by

---

[*] See note at commencement of December Term.

Thomas E. Peters, a justice of the peace of Monroe county aforesaid, on an information filed before said justice by Robert N. Pollock, accusing him, the said Jeremiah Hufford, of murder in the second degree, committed in Knox county, Illinois, of one T. L. Strager. Now if the said Jeremiah shall be and appear before the justice of the peace, at his office in Albia in said county, on the 20th day of May, 1867, at 2½ o'clock P. M., to which time this cause is adjourned, and abide the order of said court, and not depart without leave thereof, then this bond shall be void, otherwise in full force."

It is then averred that said bond was duly filed and approved by said justice, and the said Jeremiah discharged from custody to appear at the time named, to which time the examination was continued.

The breach alleged is, that he did not appear according to his undertaking, nor at any other time, but wholly made default, though duly called, which default was duly entered and the forfeiture thereof declared.

Defendants demurred, upon the ground that the act of the justice in taking the bond was without authority, that there is nothing to show that Jeremiah Hufford was ever legally arrested, and that he was charged with a crime over which the justice had no jurisdiction.

This demurrer was sustained, and plaintiff appeals.

*Henry O'Connor*, Att'y-Gen'l, and *Anderson & Dashiel* for the appellant.

*Perry & Townsend* for the appellee.

WRIGHT, J.—The proceedings against the party charged, before the justice, were evidently commenced under

1. BAIL: fugitive from justice.   sections 4523 *et seq.*, chapter 191 of the Revision. These provide that if any person is found

in this State charged with any crime committed in another State, etc., any magistrate may, upon complaint or oath setting forth the offense, and such other matters as are necessary to bring the case within the provisions of law, issue a warrant to arrest such person. If, upon examination, it appears that there is reasonable cause to believe the complaint true and that such person may be lawfully demanded of the governor, he shall, if not charged with murder, be required to enter into an undertaking, etc., conditioned to appear before the magistrate at a future day. A failure to appear as required, is a forfeiture of the undertaking.

Appellees insist, however, that the petition does not show a case within these provisions, nor that " such other matters were set forth as are necessary to bring " it within the jurisdiction of the justice, nor that defendant could have been lawfully demanded by the governor of Illinois, nor that he had ever been previously charged with an offense in that State. And in this we have the substance of the points made in support of the judgment below.

According to the terms of the recognizance, the party was charged with murder in the *second degree*. The thought, therefore, that it was not bailable, is not tenable. Section 4524, which provides, that, " if not charged with murder," the defendant shall be required to enter into an undertaking, etc., must be construed in connection with our Constitution and other parts of the statute. By the Constitution it is declared that all persons shall, before conviction, be bailable, except in *capital cases*, where the proof is evident or the presumption is great. § 12, art. 1. And in harmony therewith, section 4962 of the Revision provides that all defendants are bailable both before and after conviction, except for capital offenses, where the proof is evident or the presumption great. The offense charged in this case was not capital, and was therefore

bailable. Defendants will hardly claim that one held to answer for an offense, bailable under our law, committed in another State, is to be denied the right given to him by the express language of the Constitution, if committed here. The right to bail is as clearly given and as adequately protected in one case as in the other.

As to the other objections, it seems to us that they should be set up by way of answer, rather than by demurrer. This is the clear tendency of *Ferguson* v. *The State* (4 G. Greene, 302), where it is held that the bond (a copy being annexed) becomes a part of the petition; that the facts there recited need not be averred in the petition; that presumptions of law need not be averred; that by making the bond the obligors admit the facts which rendered it necessary, and that it will be presumed that the facts gave the officer jurisdiction to take the same. And the cases are abundant to the point that, in a petition upon a recognizance, it is not required to state the facts which show that the officer had authority to take it. Among others, see *The People* v. *Kane*, 4, Denio, 530 (overruling *People* v. *Koebor*, 7 Hill, 39; *Same* v. *Young*, Id. 44), and the numerous cases cited by Litchfield, of counsel for plaintiff. Also, *State* v. *Patterson*, present term.

Our statute too, is in harmony with this view. For, in pleading a judgment or other determination of a court of special jurisdiction, it is not necessary to state the facts conferring jurisdiction. § 2921. And the future proceedings of all courts of limited jurisdiction, like those of general and superior jurisdiction, are to be presumed regular, except in regard to matters required to be entered of record, or except where otherwise expressly declared. § 4120. So too, for the purpose of determining the effect of a pleading, its allegations are to be liberally con-

strued with a view to substantive justice between the parties. § 2951.

Guided by these rules and authorities, we are constrained to hold that this demurrer should have been overruled. The case belonged to a class of which the justice had jurisdiction. Rev. ch. 191. If the proceedings of a preliminary nature were not such as to authorize the taking of this undertaking, the objection may be made by answer, or may appear on the trial. But the petition on its face shows a sufficient cause of action, and is not therefore vulnerable to demurrer.

Reversed.